

State of West Virginia
Office of the Attorney General
1900 Kanawha Blvd E
Building 1, Room 26-E
Charleston, WV 25305-0220

John B. McCuskey            (304) 558-2021
Attorney General            Fax (304) 558-0140

August 15, 2025

Nwamaka C. Anowi
Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

Submitted Electronically via CM/ECF

>   Re:    No. 25-1054: *Pharmaceutical Research & Manufacturers of America v. John McCuskey, et al.*

Dear Ms. Anowi:

Defendants-Appellants respond to AbbVie's August 12, 2025, Rule 28(j) letter providing a Notice requesting public comment on a 340B Rebate Model Pilot Program beginning in January 2026. The Notice doesn't support Plaintiffs-Appellees' preemption arguments.

*First*, Plaintiffs are trying to amend their complaint through Rule 28(j). The Court doesn't "countenance a litigant's use of Rule 28(j) as a means to advance new arguments couched as supplemental authorities." *United States v. Ashford*, 718 F.3d 377, 381 (4th Cir. 2013). Yet Plaintiffs assert the Notice as a new basis for preemption—one never raised before the district court or briefed by the parties. "[L]itigants ordinarily waive claims by raising them for the first time in a Rule 28(j) letter." *United States v. Cisson*, 33 F.4th 185, 191 (4th Cir. 2022).

*Second*, the Notice doesn't change 340B's statutory language or what it covers. The Notice creates a Pilot Program for yet-to-be-approved rebate models; it doesn't interpret or modify 340B's effects. And it doesn't "demonstrate[]" any 340B requirements. So the Notice can't—and doesn't—lend support to Plaintiffs preexisting arguments.

*Third*, even if the Notice had some effect on the statutory 340B requirements said to preempt S.B. 325, the Court can read its data provisions harmoniously with both 340B and S.B. 325. West Virginia's law prohibits drugmakers from conditioning delivery of 340B drugs on a covered entity's agreement to submit claims or utilization data "unless the claims or utilization data sharing is required by the United States Department of Health and Human Services." Opening Br. 59 (quoting W. Va. Code § 60A-8-6a(b)(2)).

So if HHS, solely under the Pilot Program, approves a rebate program that allows data to be shared (the legality of which has not yet been tested in court), S.B. 325 doesn't stand in the way. It only prohibits drugmakers from requiring data sharing as a delivery condition. Like the claims and utilization data required to be shared under HHS's Manufacturer Audit Guidelines, 61 Fed. Reg. 65,406, 65410, any data HHS requires to be shared through the Pilot Program is expressly outside S.B. 325's purview.

Thus, the Notice does not change anything.

        Sincerely,

        JOHN B. MCCUSKEY
          ATTORNEY GENERAL

        /s/ Caleb B. David
        Caleb B. David
          *Deputy Solicitor General*
          *Counsel of Record*

        OFFICE OF THE
        ATTORNEY GENERAL
        OF WEST VIRGINIA
        State Capitol Complex
        Building 1, Room E-26
        Charleston, WV 25301
        (304) 558-2021

        *Counsel for Appellants John McCuskey, et al.*

## CERTIFICATE OF COMPLIANCE

This letter complies with Federal Rule of Appellate Procedure 28(j) because it contains 349 words.

        /s/ Caleb B. David
        Caleb B. David