

State of West Virginia
Office of the Attorney General
1900 Kanawha Blvd E
Building 1, Room 26-E
Charleston, WV 25305-0220

John B. McCuskey  (304) 558-2021
Attorney General  Fax (304) 558-0140

August 21, 2025

Nwamaka C. Anowi
Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

Submitted Electronically via CM/ECF

    Re:    **No. 25-1054:** *Pharmaceutical Research & Manufacturers of America v. John McCuskey, et al.*

Dear Ms. Anowi:

PhRMA's Rule 28(j) letter informs the Court—for a second time—about a Notice announcing a 340B Rebate Model Pilot Program beginning next year. The Notice still doesn't support Plaintiffs-Appellees' preemption arguments. *See* ECF No. 105 (addressing the same Pilot Program).

PhRMA reiterates its misreading of *Novartis Pharmaceuticals Corporation v. Johnson*, 102 F.4th 452 (D.C. Cir. 2024). *Novartis* held that Section 340B is "silent about delivery conditions," *id.* at 460, so 340B didn't empower a federal administrative agency to bar restrictions on deliveries to contract pharmacies. *Id.* at 464. But *Novartis* said nothing about whether a State can exercise its distinct police powers to act in spaces in which 340B is silent.

PhRMA argues the Pilot Program "recogniz[es] that drug manufacturers may … opt to" use a rebate model for 340B drugs. Maybe so, but West Virginia's delivery law says nothing about rebates.

The Notice also doesn't "make[] clear" that manufacturers can demand claims data from covered entities. It doesn't address claims-data-sharing as a *delivery* condition—the target of West Virginia's law. Rather, like 340B itself, the Notice is silent on delivery. And any data-sharing HHS requires through the Pilot Program is expressly outside S.B. 325's purview. *See* W. Va. Code § 60A-8-6a(b)(2) (allowing "claims or utilization data sharing [where] required by" HHS).

Further, the Notice doesn't "underscore[]" a conflict between federal and state law. It announces a temporary, voluntary trial-run at a different federal pricing model. West Virginia's law doesn't cover pricing, so it doesn't "threaten[]" the Pilot Program or "compel" 340B pricing in circumstances not required by federal law.

Lastly, PhRMA cites *Eli Lilly & Co. v. Kennedy*, No. 21-CV-02608, 2025 WL 1423630 (D.D.C. May 15, 2025). There, manufacturers complained of "the prevalence of unlawful duplications and diversions under the product replenishment model [and] drug manufacturers' lack of access to claims data." *Id.* at *13. Those complaints should sound familiar—they mirror the "preemption" arguments asserted here. That congruence confirms the manufacturers' grievances stem from the 340B Program itself, not West Virginia's law. And that court also rejected manufacturers' takings claims, like AbbVie's asserted below. *Id.* at *14-15.

                Sincerely,

                JOHN B. MCCUSKEY
                  ATTORNEY GENERAL

              /s/ Caleb B. David
              Caleb B. David
                *Deputy Solicitor General*
                *Counsel of Record*

              OFFICE OF THE
              ATTORNEY GENERAL
              OF WEST VIRGINIA
              State Capitol Complex
              Building 1, Room E-26
              Charleston, WV 25301
              (304) 558-2021

              *Counsel for Appellants John McCuskey, et al.*

## CERTIFICATE OF COMPLIANCE

This letter complies with Federal Rule of Appellate Procedure 28(j) because it contains 350 words.

              /s/ Caleb B. David
              Caleb B. David