

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T  +1 202 637 5600
F  +1 202 637 5910
www.hoganlovells.com

August 27, 2025

**By CM/ECF**

Nwamaka Anowi, Clerk
U.S. Court of Appeals for the Fourth Circuit
Lewis F. Powell Jr. Courthouse & Annex
1100 East Main Street, Suite 501
Richmond, VA 23219

**Re:** *Novartis Pharmaceuticals Corporation v. John McCuskey*, No. 25-1056—Argument scheduled September 9, 2025

Dear Ms. Anowi:

We write in response to Appellant John McCuskey's FRAP 28(j) submission identifying as supplemental authority *AbbVie v. Bailey*, No. 4:24-cv-00996-SRC, 2025 WL 1918948 (E.D. Mo. July 11, 2025).

*AbbVie* is irrelevant here for two reasons. First, the *AbbVie* decision is based on standing, but West Virginia did not challenge Novartis's standing below or on appeal.

Second, the *AbbVie* court misunderstood how the replenishment model interacts with state and federal law. The replenishment model's elaborate accounting fiction obscures covered entities' efforts to retroactively claim 340B discounts on drugs dispensed at contract pharmacies. Appellees' Br. at 16-19. In order to rein in these abuses, federal law permits manufacturers to limit the number of contract pharmacies. *Sanofi Aventis U.S. LLC v. HHS*, 58 F.4th 696, 703-706 (3d Cir. 2023); *Novartis Pharms. Corp. v. Johnson*, 102 F.4th 452, 461 (D.C. Cir. 2024). S.B. 325, as the District Court recognized, purports to undermine the discretion that federal law affords manufacturers by forcing them to recognize an unlimited number of contract pharmacies.

It is true that the replenishment model itself fosters federal compliance problems (for example, by increasing the risk of diversion to contract pharmacies' customers). But the harms caused by the state law go well beyond those imposed by federal law. By

Hogan Lovells US LLP is a limited liability partnership registered in the state of Delaware. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante  Amsterdam  Baltimore  Beijing  Berlin  Birmingham  Boston  Brussels  Colorado Springs  Denver  Dubai  Dublin Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  London  Los Angeles  Luxembourg  Madrid  Mexico City  Miami  Milan  Minneapolis  Monterrey  Munich  New York  Northern Virginia  Paris  Philadelphia  Riyadh  Rome  San Francisco  São Paulo  Shanghai  Silicon Valley  Singapore  Tokyo  Washington, D.C.  For more information see www.hoganlovells.com.

forcing manufacturers to recognize an unlimited number of contract pharmacy arrangements, S.B. 325 compels manufacturers to give 340B discounts on a much larger universe of transactions than the federal statute itself requires. The state law thus supercharges contract pharmacy arrangements, forcing manufacturers to give a greater volume of total discounts, and limiting their ability to impose reasonable restrictions that have already been sanctioned under federal law.

The West Virginia law also outlaws manufacturers' claims-data policies, preventing manufacturers from accessing federal enforcement mechanisms. Appellees' Br. at 2-3. And its novel enforcement pathway competes with centralized federal enforcement, leading to "a substantial risk of conflicting adjudications." *Id*. at 4. In these ways, the West Virginia statute exposes drug manufacturers to harm that their contract pharmacy policies would otherwise guard against.

Respectfully submitted,

/s/ Jessica L. Ellsworth
Jessica L. Ellsworth
Counsel for Plaintiff–Appellee
Novartis Pharmaceuticals Corporation

cc: All counsel of record (via CM/ECF)

## CERTIFICATE OF COMPLIANCE

This letter complies with Federal Rule of Appellate Procedure 28(j) because it contains 335 words.

/s/ Jessica L. Ellsworth
Jessica L. Ellsworth