

State of West Virginia
Office of the Attorney General
1900 Kanawha Blvd E
Building 1, Room 26-E
Charleston, WV 25305-0220

John B. McCuskey                                              (304) 558-2021
Attorney General                                        Fax (304) 558-0140

September 18, 2025

Nwamaka C. Anowi
Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

<u>Submitted Electronically via CM/ECF</u>

     **Re:**   **No. 25-1054:** *Pharmaceutical Research & Manufacturers of America v. John McCuskey, et al.*

Dear Ms. Anowi:

     Defendants-Appellants submit the enclosed opinion in *AbbVie v. Fitch*, No. 24-60375 (5th Cir. Sept. 12, 2025) (per curiam). The Fifth Circuit affirmed the district court's denial of a preliminary injunction against Mississippi's similar delivery statute.

     The Fifth Circuit rejected AbbVie's takings claim. Mississippi's law doesn't "impose on drug manufacturers a positive obligation to directly transfer or sell their drugs to anyone"; it only "imposes … a negative obligation of non-interference with covered entities' arrangements with contract pharmacies." Op.9. So there's no physical taking. The Court found no regulatory taking, either. Covered entities still pay for the drugs, Op.10, and HRSA's 1996 guidance recognized the use of contract pharmacies, Op.11 (citing 61 Fed. Reg. 43549, 43550 (Aug. 23, 1996) ("*Comment:* As a matter of State [agency] law, [covered] entities possess the right to hire retail

pharmacies to act as their agents .... *Response:* We agree."). For the same reasons, West Virginia's delivery law doesn't effectuate a taking.

The Court said Mississippi's delivery statute wasn't preempted by 340B. It applied the presumption against preemption because "public health and consumer protection" are "two traditional general areas of state regulation and police power." Op.15.

The Court found no field preemption. "Congress chose not to regulate distribution to patients." Op.15. And "matters left unaddressed" "are presumably left subject to the disposition provided by state law." Op.15 (quoting *O'Melveny & Myers, Inc. v. FDIC*, 512 U.S. 79, 85 (1994)). With "no dominant federal interest" to be found, Congress didn't occupy the entire field. Op.15.

Conflict preemption fared no better. Mississippi's law doesn't "expand Section 340B's list of covered entities," and it doesn't "compel manufacturers to 'offer' discounted drugs to contract pharmacies." Op.16-17. And the law's enforcement scheme doesn't "intrude upon" 340B's enforcement authority "because it does not impose penalties for violations of" 340B. Op.17.

The result should be no different here. West Virginia's law operates the same way. It doesn't require any drugmaker to sell drugs to contract pharmacies. It regulates only delivery—operating in 340B's silence. This Court should reverse and join every other court in the nation to find delivery statutes proper.

Sincerely,

JOHN B. MCCUSKEY
  ATTORNEY GENERAL

/s/ Caleb B. David
Caleb B. David
  *Deputy Solicitor General*
  *Counsel of Record*

OFFICE OF THE
ATTORNEY GENERAL
OF WEST VIRGINIA
State Capitol Complex
Building 1, Room E-26
Charleston, WV 25301
(304) 558-2021

*Counsel for Appellants John McCuskey, et al.*

## CERTIFICATE OF COMPLIANCE

This letter complies with Federal Rule of Appellate Procedure 28(j) because it contains 348 words.

/s/ Caleb B. David
Caleb B. David