Philip J. Perry
Direct Dial: 202-637-2200
philip.perry@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200 Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

# LATHAM&WATKINS LLP

September 19, 2025

Ms. Nwamaka C. Anowi
Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main St., Suite 501
Richmond, VA 23219

Re: *Pharmaceutical Research & Manufacturers of America v. McCuskey*, No. 25-1054, Response to Notice of Supplemental Authority, *AbbVie v. Fitch*, No. 24-60375 (5th Cir. Sept. 12, 2025) ("AbbVie"), 2025 WL 2630900

Dear Ms. Anowi:

*AbbVie* grounded its decision on the "specific claims and sparse record before" it. This case, by contrast, involves a different statute, record, and specific preemption conflicts not presented or decided in *AbbVie*, including West Virginia's explicit prohibition of claims-data conditions.

340B was enacted pursuant to Congress's Spending Power and its obligations must be unambiguously disclosed and agreed to by manufacturers. *Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212, 219-220 (2022). Congress gave the states no role to supplement manufacturers' obligations or change the bargain struck.

Moreover, although 340B does not explicitly mention "contract pharmacies" or "delivery" to them, it regulates manufacturers' 340B obligations concerning these issues through the "shall offer" provision in 42 U.S.C. § 256b(a)(1). *Novartis Pharms. Corp. v. Johnson*, 102 F.4th 452, 460-64 (D.C. Cir. 2024). Congress gave manufacturers discretion to include in their "offers" reasonable "non-price" terms, but required that "offers" remain "bona fide." *Id*. In particular, the "one-contract-pharmacy" and "claims-data" conditions at issue *in this case* are both permissible in a compliant "bona fide" offer. *Id*. A manufacturer that includes these conditions has discharged its duty to "offer" under 340B. *Id*. If a covered entity does not accept such a "bona fide" offer, federal law does not require any sale to that entity at the 340B price. *Id*.

West Virginia's statute would make such a federally compliant offer illegal under state law, which it **_admits_** (Opening Br. 53): "So when a covered entity buys discounted drugs from a drug maker, the Act prohibits the drug manufacturer from conditioning that sale on the entity's agreement not to contract with multiple pharmacies." Thus, state law irreconcilably conflicts with federal law's regulation of the same issues. Under federal law, no 340B-priced sale to a covered entity is required if a covered entity rejects a "bona fide" 340B offer with a one-contract-pharmacy or claims-data condition. *Id*. Under state law, a manufacturer faces harsh penalties for failing to

make that same sale. West Virginia's law thus *compels* manufacturers to make additional 340B-priced sales beyond what federal law requires, impermissibly altering the bargain participants made with the federal government under 340B.

                                  Respectfully submitted,

                                  */s/ Philip J. Perry*
                                  Philip J. Perry

                                  *Counsel for Pharmaceutical Research and Manufacturers of America*

cc: All counsel of record (via CM/ECF)