

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T +1 202 637 5600
F +1 202 637 5910
www.hoganlovells.com

September 25, 2025

**By CM/ECF**

Nwamaka Anowi, Clerk
U.S. Court of Appeals for the Fourth Circuit
Lewis F. Powell Jr. Courthouse & Annex
1100 East Main Street, Suite 501
Richmond, VA 23219

**Re:** *Novartis Pharmaceuticals Corporation v. John McCuskey*, No. 25-1056

Dear Ms. Anowi:

*AbbVie v. Fitch*, No. 24-60375 (5th Cir. Sep. 12, 2025), is inapposite for three reasons.

*First*, Novartis brings a distinct conflict-preemption claim. In *AbbVie*, the "specific claims and sparse record" were focused on increased diversion, but there was insufficient evidence that outcome would occur. Op. 2, 17-18. Novartis's claim is not based on diversion. S.B. 325 is preempted because it prohibits federally lawful contract pharmacy policies, like Novartis's, forcing manufacturers to give 340B discounts more broadly in West Virginia than federal law does. This upsets Congress's grant of discretion to manufacturers for reasonable limitations and disrupts Congress's chosen balance of the 340B program and participation in Medicaid and Medicare Part B. *See* Appellees' Br. 37; *Sanofi Aventis U.S. LLC v. HHS*, 58 F.4th 696, 704-706 (3d Cir. 2023); *Novartis Pharms. Corp. v. Johnson*, 102 F.4th 452, 460 (D.C. Cir. 2024).

*Second*, *AbbVie* analyzed the field at the wrong level of generality. S.B. 325 is not a law of general applicability that regulates "distribution of drugs to patients" or "the role of pharmacies in such distribution." Op. 16. It regulates only a subset of drugs and pharmacies, namely *those drugs a covered entity wants to purchase at a discount through the federal 340B program* and *only those pharmacies a covered entity wants to use to expand its take from the 340B program in West Virginia*. There is no history of state regulation of the 340B program's size. Appellees' Br. 69-70. And Fourth Circuit precedent precludes applying a presumption against preemption here. *PPL Energyplus, LLC v. Nazarian*, 753 F.3d 467, 477 (4th Cir. 2014).

*Third*, *AbbVie* misapplied *Astra USA, Inc. v. Santa Clara County*, 563 U.S. 110 (2011). HRSA's enforcement power includes 340B obligations because Congress intended the agency to "administer both Medicaid and § 340B harmoniously and on a uniform, nationwide basis." *Id.* at 120. *All* aspects of manufacturers' 340B obligations must therefore fall under HRSA's exclusive jurisdiction. Congress's intention to create a uniform, nationwide scheme preempts the field. *E.g.*, *Shao v. Link Cargo (Taiwan) Ltd.*, 986 F.2d 700, 704-706 (4th Cir. 1993).

Hogan Lovells US LLP is a limited liability partnership registered in the state of Delaware. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante Amsterdam Baltimore Beijing Berlin Birmingham Boston Brussels Colorado Springs Denver Dubai Dublin Dusseldorf Frankfurt Hamburg Hanoi Ho Chi Minh City Hong Kong Houston London Los Angeles Luxembourg Madrid Mexico City Miami Milan Minneapolis Monterrey Munich New York Northern Virginia Paris Philadelphia Riyadh Rome San Francisco São Paulo Shanghai Silicon Valley Singapore Tokyo Washington, D.C. For more information see www.hoganlovells.com.

This Court should affirm.

        Respectfully submitted,
        /s/ Jessica L. Ellsworth
        Jessica L. Ellsworth
        Counsel for Appellee
        Novartis Pharmaceuticals
        Corporation

cc: All counsel of record
(via CM/ECF)