# KIRKLAND & ELLIS LLP

Matthew S. Owen, P.C.
To Call Writer Directly:
+1 202 389 5943
matt.owen@kirkland.com

1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
United States

+1 202 389 5000

www.kirkland.com

Facsimile:
+1 202 389 5200

September 25, 2025

**Via CM/ECF**

Nwamaka C. Anowi
Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219

    Re: *AbbVie et al. v. John McCuskey, et al.*, No. 25-1055, Response to Notice of Supplemental Authority, *AbbVie v. Fitch*, No. 24-60375 (5th Cir. Sept. 12, 2025)

Dear Ms. Anowi:

  The opinion in *AbbVie v. Fitch* said: "If [Mississippi's law] works the way that AbbVie alleges it does"—that is, allowing entities to "flout Section 340B's diversion ban" by taking title to and "improperly reselling discounted Section 340B dugs"—"it would undoubtedly be a problematic statute." Op. at 2, 4 n.1. Thus, *Fitch* narrowed its holding to the specific arguments and record before it. *See id.*

  Still, *Fitch* underreads the holdings in *Novartis* and *Sanofi*. The 340B statute's "silence" on contract pharmacies ***does*** speak: it reserves to manufacturers the right to include reasonable conditions in their 340B offers, including limitations on contract pharmacies. S.B. 325 conflicts with federal law by seeking to eliminate that right.

  On takings, *Fitch* concluded the record lacked evidence that Mississippi's law requires AbbVie to "sell larger quantities of [its] drugs at discounted prices than Section 340B requires." Op. at 9. AbbVie's arguments and the record evidence here make clear S.B. 325 ***does*** compel AbbVie to complete sales (at penny prices) that it otherwise would not. ECF 51 at 75-78. So S.B. 325 does not merely "impose[] … 'a negative obligation of noninterference'" with the delivery of drugs AbbVie has already agreed to sell. Op. at 9. It obligates AbbVie to ***complete more sales*** in the first instance. ECF 51 at 75-78.

  On preemption, *Fitch* did not address the conflicts S.B. 325 creates by purporting to cover the same conduct as the federal Administrative Dispute Resolution scheme. *See* 42 C.F.R.

§ 10.21(a)(1). The resulting risk of conflicting adjudications is the precise result Congress sought to avoid by centralizing enforcement in HRSA. JA787-788; *Astra USA v. Santa Clara Cnty.*, 563 U.S. 110, 120 (2011). Neither did *Fitch* consider a provision like S.B. 325's claims-data prohibition.

Finally, the presumption against preemption does not apply because "public health" and "consumer protection" are impermissibly broad definitions of the relevant field. The text of the state law is a better metric for that inquiry. And the text makes plain the relevant field is the subject matter of the state law: 340B transactions. States enjoy no historic police power over that field.

Sincerely,

*/s/ Matthew S. Owen, P.C.*
Matthew S. Owen, P.C.

cc: All counsel of record (via CM/ECF)