

State of West Virginia
Office of the Attorney General

John B. McCuskey  
Attorney General

Phone: (304) 558-2021  
Fax: (304) 558-0140

November 12, 2025

Nwamaka C. Anowi  
Clerk of Court  
U.S. Court of Appeals for the Fourth Circuit  
1100 East Main Street, Suite 501  
Richmond, Virginia 23219

Submitted Electronically via CM/ECF

    Re:    No. 25-1054: *Pharm. Rsch. & Mfrs. of Am. v. McCuskey*

Dear Ms. Anowi:

    AbbVie has submitted another notice about the 340B Rebate Model Pilot Program. *See* ECF 123; *see also* ECF 104 (same); ECF 106 (same as to PhRMA).

    The Court should ignore—or strike—this notice and Appellees' other notices about the program. AbbVie's "letter offers no new authorities, but rather seeks to supplement the record with new evidence." *Manley v. Rowley*, 847 F.3d 705, 710 n.2 (9th Cir. 2017). Rule 28(j) "is not designed to bring new evidence through the back door." *Trans-Sterling, Inc. v. Bible*, 804 F.2d 525, 528 (9th Cir. 1986); *see also, e.g.*, *DiBella v. Hopkins*, 403 F.3d 102, 118 (2d Cir. 2005).

    AbbVie knows that claims concerning the Rebate Program were not before the district court. AbbVie only recently moved to amend its complaint to add a new preemption claim based on the program. *See* Pls.' Mot. for Leave to File Am. Compl. at 2, *AbbVie Inc. v. Bernabei*, No. 2:24-cv-00298 (S.D. W. Va. Sept. 8, 2025), ECF No. 85. AbbVie's notice also improperly raises new issues not included in its principal brief here. *United States v. Zerba*, 983 F.3d 983, 986 (8th Cir. 2020). AbbVie's effort to reargue these same points in a successive notice constitutes "an

abuse of Rule 28(j)," too.  *Butler v. Union Pac. R. Co.*, 68 F.3d 378, 379 n.1 (10th Cir. 1995).

     As for the substance, Appellants respectfully refer the Court to their two prior responses discussing this program, ECF Nos. 105 and 108, and the recent decision rejecting AbbVie's very same argument a few days ago, *AbbVie, Inc. v. Weiser*, No. 25-CV-1847-WJM-KAS, 2025 WL 3041825, at *12 (D. Colo. Oct. 31, 2025).  West Virginia's law forecloses data demands "*unless* the claims or utilization data sharing is required by the United States Department of Health and Human Services," W. Va. Code § 60A-8-6A(b)(2) (emphasis added).  "The word 'unless' signals a condition subsequent, so meeting the conditions of what follows relieves the preceding duty." *In re Maxus Energy Corp.*, 49 F.4th 223, 229 (3d Cir. 2022); *see also Weiser*, 2025 WL 3041825, at *12 (explaining how "AbbVie selectively quoted the Act's prohibitory language").

     Sincerely,

     JOHN B. MCCUSKEY
      ATTORNEY GENERAL

     /s/ Michael R. Williams
     Michael R. Williams
      *Solicitor General*

     OFFICE OF THE
     ATTORNEY GENERAL
     OF WEST VIRGINIA
     State Capitol Complex
     Building 1, Room E-26
     Charleston, WV 25301
     (304) 558-2021

     *Counsel for Appellants John McCuskey, et al.*

Nwamaka C. Anowi
November 12, 2025
Page 3

## CERTIFICATE OF COMPLIANCE

This letter complies with Federal Rule of Appellate Procedure 28(j) because it contains 350 words.

/s/ Michael R. Williams
Michael R. Williams