

State of West Virginia
Office of the Attorney General

John B. McCuskey                                                              Phone: (304) 558-2021
Attorney General                                                                  Fax: (304) 558-0140

November 21, 2025

Nwamaka C. Anowi
Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

Submitted Electronically via CM/ECF

    Re:    No. 25-1054: *Pharm. Rsch. & Mfrs. of Am. v. McCuskey*

Dear Ms. Anowi:

    AbbVie has submitted another supplemental authority. But the decision is not relevant.

    A Utah district court declined to dismiss AbbVie's claims attacking a Utah statute that required delivery of 340B drugs to specified pharmacies. The district court found it "legally significant [that], under Utah law, pharmacies are not restricted to entities that distribute medications." Op. 20. Because of that quirk, Utah's law purportedly (and problematically) extended the program beyond covered entities. Op. 20-21.

    Whatever might be said about the court's analysis,[*] it does not apply here. Pharmacies under the West Virginia law are only places where "drugs are dispensed

---

[*] The Utah court saw a conflict between the Utah law and extra-statutory policies and sentiments. But "[a] sound preemption analysis cannot be as simplistic as that. No more than in field preemption can the Supremacy Clause be deployed [in conflict preemption] to elevate abstract and unenacted legislative desires above state law." *Va. Uranium, Inc. v. Warren*, 587 U.S. 761, 778 (2019) (opinion of Gorsuch, J.).

and pharmacist care is provided" (either in West Virginia or out-of-state to West Virginia residents). W. VA. CODE § 30-5-4 (cited in W. VA. CODE § 60A-8-6a(a)(8)). And West Virginia's law does not permit dispensing of a 340B drug to a non-covered-entity's patient. *Id.* § 60A-8-6a(b)(1) (noting how delivery requirement is subject to limits from the U.S. Department of Health and Human Services).

The Utah decision also doesn't help AbbVie on its solo Takings Clause claim. The court took "as true" AbbVie's allegations that Utah has "force[d] AbbVie to transfer its property for the benefit of private parties 'without serving any valid public purpose.'" Op. 22. Based on that uncritical acceptance, it then declined to dismiss the claim. But West Virginia has explained why West Virginia's law does serve a public purpose and does not take property at all. Opening Br. 74-85.

The Utah court got one important thing right: "[The law] regulates matters on which the 340B Program is silent, and matters left unaddressed in a federal statutory scheme are 'presumably left subject to the disposition provided by state law.'" Op. 18. So too here.

        Sincerely,

        JOHN B. MCCUSKEY
         ATTORNEY GENERAL

        /s/ Michael R. Williams
        Michael R. Williams
         *Solicitor General*

        OFFICE OF THE
        ATTORNEY GENERAL
        OF WEST VIRGINIA
        State Capitol Complex
        Building 1, Room E-26
        Charleston, WV 25301
        (304) 558-2021

        *Counsel for Appellants John McCuskey, et al.*

Nwamaka C. Anowi
November 21, 2025
Page 3

## CERTIFICATE OF COMPLIANCE

This letter complies with Federal Rule of Appellate Procedure 28(j) because it contains 350 words.

                                              /s/ Michael R. Williams
                                              Michael R. Williams